JUSTICE RICE
dissenting.
¶27 I respectfully dissent.
¶28 The Court holds that the factual findings are based on substantial evidence and are not clearly erroneous, but that the District Court erred in concluding, as a matter of law, that the investigative stop was supported by particularized suspicion of criminal activity. The Court explains that a variance in the illmninating qualities of a vehicles’ taillamps, when those lamps emit a red light plainly visible from a distance of 1,000 feet, is not a violation of § 61-9-204(1), MCA. Additionally, the Court observes that any suspicion Officer Toth may have had that the lighting system was malfunctioning was quelled completely prior to the actual stop, and therefore, a stop on the basis of the taillamps was not supported by suspected criminal activity. See ¶ 20.
¶29 I believe the facts found by the District Court establish, for purposes here, particularized suspicion that the Defendants’ taillamps violated a different statutory provision. As argued by the State, § 61-9-109(5), MCA, requires taillamps to be maintained “in proper working *10 order and adjustment at all times.” Here, the taillamps were so far out of adjustment that, according to the District Court, they appeared to signal that the driver was applying the vehicle’s brakes. Although Toth discovered otherwise when pulling the Defendants over, that discovery did not eliminate the maladjustment which caused the errant signaling. Although Toth elected not to issue a citation for maladjusted lighting under § 61-9-109(5), MCA, he could have done so. He did advise the Defendants that “[Y]ou need to get that looked at. . . .” ¶30 For these reasons, I would find the stop was supported by particularized suspicion and would affirm the District Court.